IN THE UNITED STATES DISTRIC COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CAROLINE FAULKNER                                                   PLAINTIFF

VS.                            CASE NO.  4:18-CV-31 JM

NORTH LITTLE ROCK SCHOOL DISTRICT,
A Public Body Corporate                                          DEFENDANT

## SECOND AMENDED COMPLAINT

### Introduction

This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000e *et seq*. (Title VII of the Civil Rights Act of 1964, as amended), pursuant to 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658), pursuant to 42 U.S.C. § 1983, in order to recover damages against the defendant for the unlawful discriminatory employment practices that the plaintiff Caroline Faulkner, has been subjected to all on account of race and sex. The plaintiff also brings this action against the defendant pursuant to 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658), seeking damages against the defendant due to retaliatory treatment that she was subjected to after having complained about discriminatory treatment.  This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations between the parties.  The plaintiff is also seeking equitable relief and injunctive relief as well.

1

# I.
## Jurisdiction

1. Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C. §§ 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), 42 U.S.C.S. § 1981, and 42 U.S.C.S. § 1983.

2. The unlawful employment practices alleged to have been committed against the plaintiff were committed in the State of Arkansas, and in the County of Pulaski.

# II.
## Parties

3. The plaintiff Caroline Faulkner is an African-American female, and is a resident of the United States of America.

4. The defendant North Little Rock School District, is a public body corporate, that is organized under the laws for the State of Arkansas pursuant to Ark. Code Ann. § 6-13-102, for the purpose of providing education primarily to children within the boundaries of the North Little Rock School District.

5. At all times herein mentioned, Kelly Rodgers served as the superintendent of the North Little Rock School District (NLRSD).

6. The defendant North Little Rock School District is an employer within the meaning of 42 U.S.C.S. § 2000e (b), (g), and (h).

# III.
## Facts

7. Caroline Faulkner is currently employed by the North Little Rock School District.

8. Ms. Faulkner was hired by the NLRSD on August 12, 1994.

9. Ms. Faulkner has served as teacher, elementary and secondary principal, and she presently serves as an assistant principal for North Little Rock High School.

10. During the 2015-2016 school year, the plaintiff filed a grievance, contending that she was being paid less than her white counterpart Karol Whisnant. Mr. Rodgers denied the grievance; however, the school district accepted the grievance, and in a settlement granted Ms. Faulkner a pay adjustment, bringing her pay comparable to that of Ms. Whisnant.

11. The pay increase for Ms. Faulkner remained in force for the 2016-2017 school term. However, Mr. Rodgers took actions to terminate the plaintiff's pay adjustment, becoming effective July 1, 2017. In essence the plaintiff was demoted due to her pay being summarily decreased.

12. Superintendent Rodgers decreased the plaintiff's pay allegedly due to budgetary constraints; however, Karol Whisnant did not suffer a pay decrease, nor did any other similarly situated white employee.

13. While the plaintiff has been stagnant in her position as the Assistant Principal for North Little Rock High School, her white counterpart Karol Whisnant was promoted to the position of Principal of the North Little Rock High School's Center of Excellence. Ms. Whisnant was appointed to this position by Superintendent Rogers for the 2017-2018 school term.

14. During the past several years, the NLRSD, under the leadership of Superintendent Rodgers, has filled several high school principal vacancies, one taking place in 2012, and two in 2017.

15. Superintendent Rodgers by-passed the plaintiff and other African American employees of the district, known by Rodgers to be well qualified for promotion.

16. Rather than taking the opportunity to promote well qualified African-Americans employees of the district to fill a high school principal vacancy, the NLRSD opted to hire less

qualified white candidates for these vacancies. As an example, Randy Rutherford, a white male was hired in 2011 or 2012, and Scott Jennings, also a white male, was hired in 2017. Karol Whisnant, a white female was hired in 2017.

17. Charles Jones is an African-American, and like Ms. Faulkner is a long-time employee of the district. However, despite the superior qualifications of Mr. Jones, he was rejected by Rogers to fill the vacancies for the high school principalship.

18. Mr. Jones currently serves as the "Director" of the North Little Rock High School's alternative school.

IV.
Retaliation – 42 U.S.C.S. § 1981

19. The plaintiff filed a grievance against the North Little Rock School District, contending that she was being paid less than her white counter-part Karol Whisnant.

20. Superintendent Rodgers resisted this grievance filed by Ms. Faulkner, and denied the grievance.

21. However, the North Little Rock School District found that the grievance of Ms. Faulkner had merit, and decided to enter into a settlement with her, granting her a pay adjustment, which became effective during the 2015-2016 school term.

22. Nevertheless, at the end of the 2016-2017 school year, Rodgers, for purported budgetary reasons, rescinded the pay increase for the plaintiff. However, during the prior year, Rogers gave pay increases in excess of $20,000.00 to two white staff members.

23. Superintendent Rodgers' stated reason for reducing the plaintiff's pay was due to the financial condition of the district.

24. However, Rodgers did not reduce the pay for Karol Whisnant for the 2017-2018 school term. Instead, Rogers appointed Whisnant to be the Principal for the NLRSD Center of Excellence (COE).

25. Upon information and belief, the NLRSD increased the pay of Whisnant in 2017 at the time of her appointment as Principal of the COE, which is located in the North Little Rock High School.

26. After the plaintiff filed her grievance alleging discrimination based on race, the NLRSD retaliated against the plaintiff by rescinding its agreement to increase the plaintiff's pay in order to make it comparable to the pay of Whisnant.

27. Furthermore, the NLRSD retaliated against the plaintiff by placing Whisnant in the position as Principal of the COE, and refusing to allow the plaintiff an opportunity to fill this position.

28. The above-mentioned acts of retaliation committed by the NLRSD against the plaintiff, were done in violation of 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658).

V.
Race Discrimination – 42 U.S.C.S. § 1981

29. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 28, supra., inclusive as though set forth herein word for word.

30. Superintendent Rodgers decided to fill the COE principal position at the beginning of the 2017-2018 school year, with Karol Whisnant, who is a Caucasian female.

31. Neither Rodgers nor the NLRSD announced the vacancy for the position of COE at the NLR High School before appointing Whisnant to this position.

32. Prior to selecting Whisnant for the COE position, Rodgers was aware of the fact that plaintiff sought the principalship position in the NLR High School, and that the plaintiff was extremely qualified to fill such a position.

33. Rodgers' decision to fill the NLRHS COE principalship with Mr. Whisnant, subjected the plaintiff to disparate treatment on account of her race in violation of 42 U.S.C.S. § 1981.

34. The plaintiff was the most qualified person to fill the NLRHS COE principalship position; however, the NLRSD opted instead to fill the position with a less qualified person in Whisnant.

35. The defendant has subjected the plaintiff to less favorable terms and condition of her employment on account of her race, in violation of 42 U.S.C.S. § 1981.

VI.
Race Discrimination – Title VII of the Civil Rights Act of 1964 (as amended)

36. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 35, supra., inclusive as though set forth herein word for word.

37. During the Spring of 2017, Rodgers announced a vacancy for the NLRHS principal's position.

38. The vacancy had been created by the resignation of Randy Rutherford effective June 30, 2017.

39. Caroline Faulkner applied for the vacant principal's position.

40. Due to her years of experience in working in the NLRSD, and her prior experience serving as a principal for the NLRSD, and her education, the plaintiff was the most qualified candidate to apply for the vacant position.

41. The NLRSD rejected the plaintiff for the vacant high school principal's position, and opted instead to select Scott Jennings, a Caucasian male, who was previously employed by the Cabot School District.

42. In the selection process, Rodgers created three (3) committees, which were filled with people he appointed and approved.

43. Rodgers then established subjective criteria for the committees to use in the recommendation process for the vacant high school position.

44. These subjective criteria that Rodgers selected and created, and the committees that he used, created a selection process that was designed to discriminate against the plaintiff and other African-American candidates.

45. Based on information and belief, Jennings had been pre-selected by Rodgers to fill this vacant high school position.

46. Also, upon information and belief, Rodgers recruited Jennings to apply for this vacant position, knowing that there were two (2) African Americans employed by the NLRSD, who were more qualified, namely Caroline Faulkner and Charles Jones.

47. The NLRSD has a written policy of promoting from within.

48. Despite this policy of promoting from within, the NLRSD opted instead to select a white candidate, who was less qualified than the plaintiff, and who came from outside the district.

49. Unlike Jennings, the plaintiff had a proven track record of improving students' achievement for African-American students with the NLRSD.

50. Scott Jennings had little to no experience in working with African American teachers and students.

51. Previously Rodgers did not utilize the committee approach to hire Randy Rutherford for the principalship position at the high school.

52. Neither did Rodgers use the committee approach, when he selected Karol Whisnant to become the principal for the Center of Excellence at the North Little Rock High School.

53. However, Rodgers utilized a subjective committee approach for the express purpose to favor Scott, and to eliminate the plaintiff from consideration for the high school principalship.

54. Despite the plaintiff's superior qualifications over that of Scott Jennings, the NLRSD rejected the plaintiff for the high school principal's position on account of her race, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

## VII.
## Sex Discrimination

55. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 54, supra., inclusive as though set forth herein word for word.

56. During the Spring of 2017, Rodgers announced a vacancy for the NLRHS principal's position.

57. The vacancy had been created by the resignation of Randy Rutherford effective June 30, 2017.

58. Caroline Faulkner applied for the vacant principal's position.

59. Due to her years of experience in working in the NLRSD, and her prior experience serving as a principal for the NLRSD, and her education, the plaintiff was the most qualified candidate to apply for the vacant position.

60. The NLRSD rejected the plaintiff for the vacant high school principal's position, and opted instead to select Scott Jennings, a Caucasian male, who was previously employed by the Cabot School District.

61. In the selection process, Rodgers created three (3) committees, which were filled with people he appointed and approved.

62. Rodgers then established subjective criteria for the committees to use in the recommendation process for the vacant high school position.

63. These subjective criteria that Rodgers selected and created, and the committees that he used, created a selection process that was designed to discriminate against the plaintiff and other African-American candidates.

64. Based on information and belief, Jennings had been pre-selected by Rodgers to fill this vacant high school position.

65. Also, upon information and belief, Rodgers recruited Jennings to apply for this vacant position, knowing that there were two (2) African Americans employed by the NLRSD, who were more qualified, namely Caroline Faulkner and Charles Jones.

66. The NLRSD has a written policy of promoting from within.

67. Despite this policy of promoting from within, the NLRSD opted instead to select a white candidate, who was less qualified than the plaintiff, and who came from outside the district.

68. Unlike Jennings, the plaintiff had a proven track record of improving students' achievement for African-American students with the NLRSD.

69. Scott Jennings had little to no experience in working with African American teachers and students.

70. Previously Rodgers did not utilize the committee approach to hire Randy Rutherford for the principalship position at the high school.

71. Neither did Rodgers use the committee approach, when he selected Karol Whisnant to become the principal for the Center of Excellence at the North Little Rock High School.

72. However, Rodgers utilized a subjective committee approach for the express purpose to favor Scott, and to eliminate the plaintiff from consideration for the high school principalship.

73. Despite the plaintiff's superior qualifications over that of Scott Jennings, the NLRSD rejected the plaintiff for the high school principal's position on account of her sex, in violation of Title VII of the Civil Rights Act of 1964 (as amended).

74. The above-mentioned acts of discrimination and retaliation were committed by the defendants acting under color of law, making this cause of action enforceable pursuant to 42 U.S.C.S. § 1983.

VIII.
Procedural Requirement

75. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 74, supra., inclusive as though set forth herein word for word.

76. On October 5, 2017, the plaintiff filed a Charge of Discrimination (No. 493-2018-00037) with the Equal Employment Opportunity Commission (EEOC), contending that she had been discriminated against in terms and conditions of her employment with the defendant, when she was not selected for the principal's position that was given to School Jennings in June 2017, due to her race and sex in violation of Title VII of the Civil Rights Act of 1964 (as amended). (**See Charge of Discrimination attached herein as Plaintiff's Exhibit "A"**).

77. In response to the plaintiff's Charge of Discrimination that she filed with the EEOC, said agency issued her a "Dismissal and Notice of Rights" letter dated October 13, 2017, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date she received the above-mentioned letter.  (**A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "B"**).

78. The plaintiff has met the statutory requirement of filing this complaint within ninety (90) days after receiving the "Dismissal and Notice of Rights" letter.

## IX.
## Damages

79. The plaintiff incorporates by reference the allegations contained in paragraphs 1-78 of the plaintiff's complaint, and adopts each as if set out herein word for word.

80. As a direct and proximate cause of the discriminatory practices that the defendant subjected the plaintiff to on account of her sex, race and the continued acts of retaliation, the plaintiff has suffered economic loss by way of lost wages in an amount to be proven at the trial of this matter.

81. Furthermore, due to the discriminatory and retaliatory acts of the defendant, the plaintiff has experienced mental anguish, embarrassment, pain and suffering in an amount to be proven at the trial of this matter.

## JURY DEMAND

82. The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above described unlawful employment practices:

  a.  declare that the plaintiff has been subjected to unlawful discriminatory practices on account of his race;

  b.  reinstatement and back pay;

  c.  compensatory damages;

  d.  attorney's fees;

  e.  the cost of prosecuting this action;

  f.  and for all other equitable, legal, and just relief.

            Respectfully submitted,

            Austin Porter Jr., No. 86145
            PORTER LAW FIRM
            323 Center Street, Suite 1035
            Little Rock, Arkansas 72201
            Telephone: 501-244-8200
            Facsimile: 501-372-5567
            Email: Aporte5640@aol.com

            Austin Porter Jr.

## CERTIFICATE OF SERVICE

I, Austin Porter Jr., do hereby certify that a copy of the foregoing pleading was electronically filed with the Clerk of the United States District Court for the Eastern District of Arkansas-Western Division, on this 3rd day of February 2020, using the CM/ECF system, which is designed to send notification of such filing to the following:

Jay Bequette
W. Cody Kees
BEQUETTE, BILLINGS & KEES, P.A.
425 W. Capitol Avenue, Suite 3200
Little Rock, Arkansas 72201

jbequette@bbpalaw.com
ckees@bbalaw.com

            Austin Porter Jr.